**CITIZENS' BANK & TRUST CO. et al. v. FOLSOM.**

**In re JONES.**

(Circuit Court of Appeals, Eighth Circuit. June 19, 1922.)

No. 224.

Bankruptcy ⬅︎205—Sale of mortgaged property by creditors of bankrupt held void, and trustee entitled to proceeds.

Where mortgage creditors of a bankrupt, with notice of bankruptcy and without permission of the bankruptcy court, induced and persuaded him to sell and dispose of the mortgaged property, converting the proceeds, under Rev. Code S. D. 1919, § 1543, the lien of the mortgages was extinguished, and the sale thereunder was void, and the trustee was entitled to the proceeds as representing the property.

Petition to Revise Order of the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

In the matter of Elmer E. Jones, bankrupt. Proceeding by N. J. Folsom, trustee, against the Citizens' Bank & Trust Company and others. An order of the referee in favor of the trustee was confirmed, and the Citizens' Bank & Trust Company petitions to revise the order of the District Court. Petition dismissed, and order affirmed.

Clarence C. Caldwell and Charles V. Caldwell, both of Sioux Falls, S. D., for petitioners.

Richard A. Bielski and Douglas S. Elliott, both of Sioux Falls, S. D., for respondent.

Before LEWIS and KENYON, Circuit Judges, and JOHNSON, District Judge.

KENYON, Circuit Judge. On the 7th day of March, 1921, Elmer E. Jones, of Clay county, S. D., filed his petition and schedules in bankruptcy in the office of the clerk of the United States District Court for the District of South Dakota, Southern Division, and on said date was duly adjudicated a bankrupt. On March 11, 1921, reference was made of said matter to Robert J. Gamble, referee in bankruptcy for that district. April 4, 1921, N. J. Folsom was appointed trustee, and he duly qualified. At the time of the adjudication of said Jones as a bankrupt, petitioners herein, Citizens' Bank & Trust Company, Vermillion, S. D., Farmers' Co-operative Company, and the Bank of Burbank, held chattel mortgages on certain personal property of the bankrupt. Peter Olson was attorney for mortgagees. Petitioners, by and through themselves and their attorneys, induced and persuaded the bankrupt, Jones, to sell and dispose of the property covered by their respective mortgages at public sale. Said sale took place on the 25th day of March, 1921. No order had been entered by the court allowing and permitting this sale, and the referee had not set aside to petitioners any of the property sold at said sale, and no property had been set aside by the trustee as exempt to the bankrupt.

There was received at said sale of the bankrupt's property, $2,616.80, of which sum $2,341 was received as the proceeds of the sale of the mortgaged property, and $275 was received from the sale of unincumbered property and property claimed by the bankrupt as his exemptions. Petitioner Citizens' Bank & Trust Company received $1,256.85 as the proceeds of the sale represented by chattels mortgaged to it. They also received $67.19 from the proceeds of the sale of unincumbered chattels claimed as exempt by the bankrupt. Petitioner Farmers' Co-operative Company received $454 as the proceeds of the sale of chattels mortgaged to it. Petitioner the Bank of Burbank received $501.15 as the proceeds of the sale of chattels mortgaged to it, and their agent received from the sale of unincumbered property $26.25 for his services in clerking said sale, and the sum of $52.35 for the payment of the auctioneer who conducted the sale. Peter Olson, attorney for petitioners, received $42.50, to be held by him for another, one John T. Grigsby, attorney for and creditor of the bankrupt. Said Peter Olson also received from the proceeds of the sale $33.50, which he paid to the treasurer of Clay county, in payment of the taxes assessed against the bankrupt herein; also $26.25 for his services in clerking said sale. The bankrupt received $70.25 from the proceeds of the sale of unincumbered property claimed by said bankrupt to be exempt. The petitioners had knowledge of the bankruptcy proceeding pending in the United States District Court for the District of South Dakota, and of the entering of the order adjudicating the said Elmer E. Jones a bankrupt.

June 28, 1921, the trustee filed a petition against the Citizens' Bank & Trust Company of Vermillion, S. D., the Farmers' Co-operative Company, the Bank of Burbank, and Peter Olson, demanding that said

sums so received by them, respectively, be paid over to the trustee. On July 29, 1921, Robert J. Gamble, referee in bankruptcy, ordered that the prayer of the trustee's petition be granted, and ordered that the Citizens' Bank & Trust Company of Vermillion, S. D., the Farmers' Co-operative Company, the Ketchum Automotive Sales Company (not a petitioner in this case), and the Bank of Burbank pay to the trustee the sums they had received from said sales, and that Peter Olson account for and pay in cash to the trustee the sum of $102.26 belonging to the estate of the above-named bankrupt, and that Elmer E. Jones forthwith account for and pay in cash to the trustee the sum of $70.25. The petitioners brought their action for a review of the findings of fact and conclusions of law entered by the referee in bankruptcy, Robert J. Gamble. The District Court confirmed in full the order of the referee.

We have set out rather fully the facts in this matter. The trial court found that the action of the petitioners in converting to their own use funds received from the sale of the mortgaged property by the mortgagor with the connivance and assistance of petitioners after the time of the adjudication of bankruptcy gave them no rights in or to said fund. At the time of the sale of the property it was in the custody of the court. It belonged to the estate of the bankrupt, to be disposed of under the law in the orderly course of procedure. The action of petitioners in inducing, as found by the referee, the bankrupt to sell and dispose of the property covered by their respective mortgages, was, speaking mildly, a high-handed proceeding. They now claim that the trial court was in error in not permitting them to set off, as against the claims of the trustee for the money received and converted, the amount owing to them under their notes and mortgages. In other words, they desire to accomplish through the action of the court exactly what they would have accomplished, had they kept without question on respondent's part the money which they had received from the unlawful sale. Under a statute of South Dakota a wrongful conversion by the person holding the mortgage extinguishes the lien. This statute is as follows:

"The sale of any property on which there is a lien, in satisfaction of the claim secured thereby, or, in case of personal property, its wrongful conversion by the person holding the lien, extinguishes the lien thereon." Section 1543, Code of South Dakota.

Under this statute and the facts in this case, the liens of petitioners created by their chattel mortgages have been extinguished. This is admitted by counsel for petitioners. For the court to grant the relief now asked would be in force and effect to revive the liens and give to petitioners the same rights they would have had, if the liens had not been extinguished.

Petitioners also complain of the findings of the trial court in holding that the sale under the mortgage was absolutely void, and notwithstanding this that the trustee was entitled to the proceeds. Of course, the trustee could have followed and recovered the property. As long as the property was sold for full value, however, the same result would be accomplished by the trustee having the money turned over to him

and holding the same as a trust fund. There is, of course, an apparent anomaly in holding the sale absolutely void and yet retaining the money. However, we think petitioners are in no position to raise any such question. They stand in the position, under the finding of the referee and of the trial court, as persons who wrongfully assisted in the sale of property in the custody of the court and then proceeded to convert the proceeds to their own use. Instead of raising any question as to their present status, they should rest content and find some solace in the fact that no contempt proceedings were instituted against them for their interference with the bankruptcy court. The judgment of the trial court is correct.

The petition to revise is dismissed, and the order of the District Court is affirmed.